UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **REGINALD L. HILEY** | **CIVIL ACTION NO. 21-4179** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **OFFICER SKINNER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Reginald L. Hiley, a prisoner at Bayou Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately December 6, 2021, under 42 U.S.C. § 1983. He names the following defendants: Officer Skinner, Madison Parish Police Department, Unidentified Arresting Officer, and the Madison Parish Chief of Police.[1] For reasons below, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff alleges that in November 2021, when he exited a football stadium to smoke, an officer informed him that he was under arrest. [doc. # 1, p. 3]. Plaintiff asked the arresting officer why he was under arrest, but the officer did not tell him. *Id.* When Plaintiff asked the arresting officer again, another officer, Officer Skinner, threatened to shock him with a taser device that he was pointing at Plaintiff. *Id.* Skinner threatened to shoot Plaintiff if he continued to ask questions. *Id.* "Throughout the ordeal[,] Officer Skinner continued threatening to use extreme force and cause great bodily harm . . . ." *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

The arresting officer handcuffed Plaintiff, refused to tell him why he was under arrest, placed him in a police squad car, and did not read him his *Miranda* rights. *Id.* at 4.

When Plaintiff arrived at the "Sheriff Station of Madison Parish," the arresting officer again did not inform him of his charge or read his *Miranda* rights. *Id.* Plaintiff alleges that Officer Skinner "continued to be aggressive and make threats . . . ." *Id.* Skinner threatened to shoot Plaintiff until his gun jammed or until he emptied his ammunition clip. *Id.*

Plaintiff alleges that "about 20 minutes later the arresting officer came back[,]" informed him of the allegations against him, and asked him to "sign a paper saying he read [Plaintiff his] rights[.]" *Id.* at 5. Plaintiff declined to sign, maintaining that the arresting officer should have informed him of his charge and read his rights upon arrest, "not 30 or so minutes later." *Id.* at 5.

Plaintiff "believe[s]" that the arresting officer and Officer Skinner lacked proper training and were unqualified "to protect and serve the community of Madison Parish." *Id.*

Plaintiff claims that Chief Buster McCoy blocked his attempts to file an administrative grievance. [doc. # 6, pp. 4-5].

Plaintiff seeks: (1) immediate release from confinement; (2) monetary compensation; (3) "an inquiry into the Madison Parish Police Department"; (4) validation of "qualification of arresting officers"; (5) "an IA for the Department"; (6) re-training of officers "on proper procedure and communication skills"; (7) a recommendation to Louisiana Internal Affairs "to verify the qualifications of all active duty officers in Madison Parish Police Department"; (8) "re-certification on tazer, mace, and firearm use by [the] patrol officers involved in [his] arrest"; and (9) performance evaluations of the "officers in question." [doc. #s 1, p. 6; 6, pp. 5-6].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

4

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Threats**

Plaintiff claims that Officer Skinner threatened to shock him with a taser device and threatened to shoot him. [doc. # 1, p. 3]. "Throughout the ordeal[,] Officer Skinner continued threatening to use extreme force and cause great bodily harm . . . ." *Id.*

Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Allegations of mere verbal abuse simply do not give rise to a cause of action under Section 1983.[3] *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *Siglar*, 112 F.3d at 191. Because Plaintiff does not state a claim of constitutional dimension, the Court should dismiss these claims.

**3. Failure to Read *Miranda* Rights**

Plaintiff claims that officers did not read him his rights under *Miranda v. Arizona*, 384 U.S. 436, 439 (1966). The officers' alleged failure to read *Miranda* warnings, however, did not violate Plaintiff's constitutional rights and "cannot be grounds for a § 1983 action." *Chavez v.*

---

[3] *See Gressett v. New Orleans City*, 779 F. App'x 260, 261 (5th Cir. 2019) (concluding, where the plaintiff alleged that an officer stood in his way, insulted him while holstering his taser and revolver, threatened him, and intimidated him, that though the officer's actions "may be unprofessional" and amounted to an "excess of zeal," they "did not violate [the plaintiff's] Fourteenth Amendment rights" and did not "constitute an abuse of power that 'shocks the conscience.'").

*Martinez*, 538 U.S. 760, 772 (2003); *see Foster v. Carroll Cty.*, 502 F. App'x 356, 358 (5th Cir. 2012).  The Court should dismiss these claims.

### 4. Failure to Apprise Plaintiff of His Charges

Plaintiff claims that the officers failed to inform him of the charges for which they were arresting him.

The United States Supreme Court has "never held that" a police officer is "constitutionally required" to "inform a person of the reason for his arrest at the time he is taken into custody[.]" *Devenpeck v. Alford*, 543 U.S. 146, 155 (2004).

Under the Sixth Amendment, "the accused shall enjoy the right to . . . be informed of the nature and cause of the accusation . . . ."  U.S. CONST. AMEND. VI.  However, "A defendant's right to be informed of the nature and cause of an accusation brought against him does not exist until the Government is committed to a prosecution."  *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) (citing *Kladis v. Brezek,* 823 F.2d 1014, 1018 (7th Cir. 1987)).

In *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (quoted sources omitted), the Court opined: "The initiation of judicial criminal proceedings . . . is the starting point of our whole system of adversary criminal justice.  For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified.  It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law.  It is this point, therefore, that marks the commencement of the 'criminal prosecutions' to which alone the explicit guarantees of the Sixth Amendment are applicable."

Most relevant here, an arrest does not constitute a "criminal prosecution" under the Sixth Amendment.  In *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 220 (2008) (quoting 4 W.

Blackstone, Commentaries), the Court agreed that "prosecution" means "the manner of an offender's 'formal accusation.'" "The modifier 'formal' is significant because it distinguishes 'prosecution' from earlier stages of the process involving a different kind of accusation: *the allegation of criminal conduct necessary to justify arrest and detention*." *Id.* (emphasis added). "[T]he accusation justifying arrest and detention [is] clearly preliminary to the 'formal accusation' . . . ." *Id.*

The Court further opined in *Rothgery* that "'criminal prosecutio[n]' in the Sixth Amendment refers to the commencement of a criminal suit by filing formal charges in a court with jurisdiction to try and punish the defendant." *Id.* at 223. In *Rothgery*, the "petitioner's initial appearance before the magistrate did not commence a 'criminal prosecutio[n]'" because "[n]o formal charges had been filed." *Id.* Rather, "The only document submitted to the magistrate was the arresting officer's affidavit of probable cause[,]" which "clearly was not . . . the commencement of a criminal 'prosecution.'" *Id.* at 224. "Rather, it was the preliminary accusation necessary to justify arrest and detention—stages of the criminal process . . . before prosecution. The affidavit was not a pleading that instituted a criminal prosecution, such as an indictment, presentment, or information . . . ." *Id.*; *see also Kirby*, 406 U.S. at 698 (Brennan, J., dissenting) (acknowledging that the plurality concluded that an arrest "does not face the accused 'with the prosecutorial [sic] forces of organized society,' nor immerse him 'in the intricacies of substantive and procedural criminal law.'"); *United States v. Gouveia*, 467 U.S. 180, 190 (1984) (observing that the Court has "never held that the right to counsel [under the Sixth Amendment] attaches at the time of arrest.") (modification to original).

Here, because an arrest without more does not constitute a "criminal prosecution" under the Sixth Amendment, Plaintiff's right to be informed of the nature and cause of the accusations

7

against him did not yet exist. Even assuming, *arguendo*, that it did exist, it is not incumbent upon an arresting officer to fulfill this right;[4] rather, the right is customarily fulfilled later at an arraignment.

Plaintiff does suggest in a letter that he was arrested under a warrant, stating that he "would like to subpoena [his] arrest warrant . . . ." [doc. # 7, p. 1]. However, even an arrest under a warrant does not constitute a "criminal prosecution." *Lomax v. State of Ala.*, 629 F.2d 413, 416 (5th Cir. 1980). And Plaintiff does not allege or suggest that the prosecution was significantly "involved in the warrant procedure." *Id.* ("An arrest by itself, with or without a warrant, falls far short of an official accusation by the state against the arrested individual. . . . Absent proof of significant prosecutorial involvement in procuring an arrest warrant, the arrest must be characterized as purely investigatory-the forces of the state have not yet solidified in a position adverse to that of the accused.").[5]

Further, Petitioner *was* informed of his charges. He only complains that he was so informed "about 20 minutes" after he arrived at the "Sheriff's Station." [doc. # 1, pp. 4-5]. He adds that the officers should have informed him of his charges upon arrest, "not 30 or so minutes later." *Id.* at 5. This short delay in being apprised of his charges was de minimis. Plaintiff does not allege that the delay caused him any harm. *See Standberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir. 1986) (finding that a thirty-minute delay in informing a defendant of the nature of

---

[4] *See Devenpeck, supra*.

[5] *See Coulson v. Washoe Cty.*, 69 F.3d 543 (9th Cir. 1995) ("Coulson contends that her Sixth Amendment right to be informed of the nature and cause of the accusations against her was violated. In her deposition, however, she admits that she was told that the arrest was pursuant to a warrant relating to a traffic offense. Moreover, an accused does not have a Sixth Amendment right to be informed of the nature and cause of the accusation until the government has committed itself to prosecution.").

his crime did not constitute an impermissible delay); *United States v. McGavic*, 337 F.2d 317, 321 (6th Cir. 1964) ("[T]here is no federal constitutional requirement that the arresting officer inform the person arrested of the reason for the arrest. The Sixth Amendment reads in applicable part: 'In all criminal prosecutions, the accused shall enjoy the right [ . . .] to be informed of the nature and cause of the accusation.' (Emphasis added.) And, of course, defendant was so informed well prior to trial." (Edwards, J., concurring)). The text of the Sixth Amendment does not afford an arrestee the right to be *immediately* informed of the "nature and cause of the accusation" against him or her following an arrest.

Moreover, in Louisiana, the district attorney—rather than an arresting officer—is generally responsible for "set[ting] the matter for arraignment[,]"[6] where the clerk reads "the indictment to the defendant . . . ." LA. CODE CRIM. PROC. ART. 551(A); *see Delaney v. Ackal*, 2009 WL 5195935, at *6 (W.D. La. Dec. 30, 2009) ("Clearly, the Sheriff cannot be faulted . . . since under Louisiana law he is not responsible either for the filing of the Bill of Information or the scheduling of an arraignment.").

Finally, to the extent Plaintiff invokes the Fourth Amendment, it "requires only that the police have probable cause to believe that an individual has broken the law before arresting him or her." *Kladis*, 823 F.2d at 1018. "The Fourth Amendment contains no requirement that an arresting officer advise the arrestee of the reason for his arrest." *O'Dwyer v. Nelson*, 310 F. App'x 741, 746 (5th Cir. 2009). Thus, the Fourth Amendment affords Plaintiff no recourse for this particular claim.

Accordingly, the Court should dismiss these claims.

---

[6] LA. CODE CRIM. PROC. ART. 701(C).

### 5. Madison Parish Police Department

Plaintiff names the Madison Parish Police Department as a defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." LA. CIV. CODE art. 24.

The Madison Parish Police Department does not qualify as a juridical person. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued . . . ."); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988); *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977). Accordingly, the Court should dismiss Plaintiff's claims against the Madison Parish Police Department.

### 6. Medical Care

Plaintiff claims that he has not received any counseling or other assistance at Bayou Correctional Center. [doc. # 6, p. 2]. Plaintiff, however, does not identify a responsible defendant. Thus, the Court should dismiss this claim.

### 7. Blocked Grievances

Plaintiff claims that Chief Buster McCoy "blocked" his attempts to file grievances using the administrative remedy process. [doc. # 6, pp. 4-5].

A prisoner, however, does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020)

(affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claim.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Reginald L. Hiley's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 7th day of February, 2022.

_____
Kayla Dye McClusky
United States Magistrate Judge